IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLETTA MAY,             )
                          )
            Plaintiff,    )
                          )
    v.                    )    No.  05 C 7183
                          )
BORGWARNER TRANSMISSION   )
SYSTEMS, INC.,            )
                          )
            Defendant.    )

MEMORANDUM ORDER

BorgWarner Transmission Systems, Inc. ("BorgWarner") has filed its Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") filed against it by its ex-employee Carletta May ("May"). This sua sponte memorandum order is prompted by a number of errors in that responsive pleading that call for the filing of a self-contained Amended Answer and ADs.

To begin with, both Answer ¶5 and Answer ¶6 are simply wrong. When May's Complaint is fairly read, both jurisdiction and venue must be admitted by BorgWarner, rather than being avoided as its counsel has sought to do.

Next, the purported residual denials set out in Answer ¶¶7, 8 and 10 appear to lack credibility--more of May's allegations than the limited matters that BorgWarner admits in those paragraphs appear to call for admission by it as well. Those paragraphs must be redrawn.

As for Answer ¶¶11 through 13, it would seem highly probable that BorgWarner's corporate records would reflect on-the-job

injuries claimed by its employees. If so, its answers--which simply confirm that May alleges what she sets out in the corresponding paragraphs of her Complaint--are insufficient under regular pleading principles.

Next, a number of BorgWarner's responses (Answer ¶¶16, 17, 19 and 33) fail to follow the plain roadmap marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as required for a defendant to get the benefit of a deemed denial (see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Those responses then further compound the problem by continuing with an oxymoronic denial of the selfsame allegations as to which BorgWarner has just claimed it cannot even form a belief. All of those paragraphs are stricken.

Finally, several of BorgWarner's ADs violate the principles of Rule 8(c) and the caselaw applying it (see also App. ¶5 to State Farm). Here they are:

    1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, is not a proper AD--and it is wrong to boot. It is stricken without leave to replead.

    2. ADs 2 and 5 contain the telltale "to the extent" language that is a sure tipoff to an uninformative statement. Each of those ADs is also stricken, but without prejudice to the possible reassertion of either or both if BorgWarner were hereafter to learn facts justifying their

2

inclusion.

3. Finally, AD 3 is flawed in part because of the same "to the extent" locution, while the alternative statement that May "has sustained no damages" violates the basic principle that May's allegations, together with all reasonable favorable inferences, must be accepted as gospel for AD purposes. That latter flaw also infects AD 4.

Because so much of the responsive pleading thus requires correction, it is stricken in its entirety, but BorgWarner is granted leave to file a self-contained Amended Answer (with any permissible ADs) on or before June 15, 2006. Because the need for that return to the drawing board is occasioned by counsel's errors, rather than being attributable to BorgWarner itself, no charge is to be made to BorgWarner by its counsel for the added work and expense incurred in correcting counsel's errors. BorgWarner's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 1, 2006